UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAILI QUINN, <br><br> Plaintiff, <br><br> -vs- <br><br> PUROLITE LLC; <br> and LAUREN ROMEO, individually; <br><br> Defendants. | Civil Action No. <br><br> **PLAINTIFF REQUESTS A TRIAL BY JURY** <br><br><br> **COMPLAINT** |

Plaintiff, BAILI QUINN ("Plaintiff" and/or "QUINN"), by and through her undersigned counsel, hereby files this Civil Action Complaint against Defendants PUROLITE LLC and LAUREN ROMEO (collectively "Defendants"), and upon information and belief avers as follows:

### NATURE OF THE CASE

Plaintiff complains of disability discrimination, failure to accommodate, retaliation, hostile work environment, and wrongful termination pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq. Plaintiff seeks damages to redress injuries she suffered as a result of Defendants' discriminatory and retaliatory conduct, including disparate treatment, failure to accommodate her diagnosed disability, unequal terms and conditions of employment, pretextual discipline, and unlawful termination. Defendants' conduct was intentional, willful, and carried out with reckless disregard for Plaintiff's federally and state protected rights.

## JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this matter involves federal questions arising under laws providing for the protection of civil rights, including the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's forthcoming PHRA claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as Plaintiff's federal claims.[1]

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices, discrimination, retaliation, and termination alleged herein occurred within this District.

5. Around April 7, 2025, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, failure to accommodate, retaliation, and wrongful termination.

6. On September 15, 2025, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff received the Notice shortly thereafter and this Complaint has been filed within ninety days of her receipt of the Notice.

7. Plaintiff has satisfied all conditions precedent and exhausted all administrative remedies required under the ADA and the PHRA prior to filing this civil action.

## PARTIES

---

[1] As Plaintiff's analogous claims under the PHRA are not yet ripe, Plaintiff reserves the right to amend her Complaint to add such claims once more than one year has passed since the filing of her Charge of Discrimination.

8. Plaintiff, BAILI QUINN ("Plaintiff" or "QUINN"), is an adult individual residing in Chester County, Pennsylvania.

9. At all relevant times, Plaintiff was employed by Defendant Purolite LLC in the position of Sales Support Specialist.

10. Defendant PUROLITE LLC ("PUROLITE") is a foreign limited liability company authorized to conduct business within the Commonwealth of Pennsylvania, with a registered headquarters at 1 Ecolab Place, St. Paul, Minnesota 55102.

11. At all relevant times, Defendants operated an "Ecolab" business located at 2201 Renaissance Boulevard, Suite 400, King of Prussia, Pennsylvania 19406, where Plaintiff worked for Defendants.

12. Defendant PUROLITE was and is an "employer" within the meaning of the ADA and the PHRA.

13. Defendant LAUREN ROMEO ("ROMEO") is an adult individual who, at all times relevant, was employed by Defendant PUROLITE as Plaintiff's direct supervisor.

14. At all times material, Defendant ROMEO exercised supervisory authority over Plaintiff, including authority to discipline, evaluate, and participate in decisions affecting the terms and conditions of Plaintiff's employment.

15. Defendant ROMEO is an "employer" under the PHRA and is individually liable for discriminatory and retaliatory conduct.

## MATERIAL FACTS

16. On or around October 31, 2022, Defendants hired Plaintiff as a Sales Support Specialist.

17. Plaintiff has been diagnosed with Autism Spectrum Disorder ("ASD"), a disability recognized and protected under the ADA and PHRA.

18. Autism affects major life activities, including communication, social interaction, processing information, and other cognitive functions.

19. Throughout her employment, Plaintiff consistently met or exceeded expectations and maintained an excellent performance record.

20. In or around April 2024, Defendant ROMEO began employment with Defendants as Plaintiff's supervisor.

21. Plaintiff disclosed her Autism diagnosis to Defendant ROMEO shortly after ROMEO assumed her supervisory role.

22. Following this disclosure, Defendant ROMEO began to target Plaintiff with unwarranted criticism, heightened scrutiny, and accusations unrelated to any legitimate performance issues.

23. Defendant ROMEO's conduct was severe and persistent, and several coworkers noticed and questioned why Plaintiff was being singled out.

24. On or around October 10, 2024, Defendants placed Plaintiff on a Performance Improvement Plan ("PIP") allegedly due to communication issues.

25. Plaintiff's communication differences stem directly from her disability, yet Defendants failed to engage in the interactive process or provide reasonable accommodations.

26. Plaintiff had worked successfully for over two years without any prior discipline, complaints, or communication-related concerns.

27. Defendant ROMEO placed Plaintiff on the PIP to create a paper trail to justify termination based on her disability rather than any legitimate performance issue.

28. While on the PIP, Plaintiff was denied meaningful feedback, guidance, or support, which prevented her from addressing the alleged concerns.

29. Plaintiff was also singled out for conduct that similarly situated non-disabled employees engaged in without discipline.

30. At all times, Defendants failed to provide accommodations or engage in the interactive process required by the ADA and PHRA.

31. On or around November 5, 2024, Defendants terminated Plaintiff's employment.

32. The stated reasons for termination were false and pretextual.

33. Defendants terminated Plaintiff because of her disability, because she requested accommodations, and because she opposed discriminatory conduct.

34. Defendants' discriminatory and retaliatory conduct caused Plaintiff severe emotional distress, anxiety, financial harm, and reputational damage.

35. Defendants have demonstrated a pattern and practice of discriminating against employees with disabilities.

## AS A FIRST CAUSE OF ACTION FOR DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101 et seq.
**(*As against Defendant PUROLITE LLC only*)**

36. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

37. Plaintiff is an individual with a disability as defined under the ADA.

38. Plaintiff was qualified for her position and performed her job duties competently.

39. Defendants discriminated against Plaintiff because of her disability by subjecting her to disparate treatment, placing her on a pretextual PIP, denying equal treatment, and terminating her employment.

40. Defendants' conduct violated the ADA.

## AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101 et seq.

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Plaintiff engaged in protected activity by disclosing her disability and requesting accommodations.

43. Following her protected activity, Defendants retaliated against her by placing her on a PIP, subjecting her to heightened scrutiny, falsely accusing her of misconduct, and terminating her employment.

44. Defendants' conduct constitutes unlawful retaliation in violation of the ADA.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: December 15, 2025

**FREUNDLICH & LITTMAN, LLC**
*Attorneys for Plaintiff*

By: */s/ Nathaniel Peckham, Esq.*

>Nathaniel Peckham, Esq.
>1425 Walnut Street, Suite 200
>Philadelphia, PA 19102
>P: (215) 545-8500
>F: (215 545-8510
>E: *nathaniel@fandllaw.com*